[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11085
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00199-PGB-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSS EDWARD PAULSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 27, 2016)


Before JORDAN, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ross Edward Paulson appeals his 240-month sentence, imposed after he pleaded guilty to one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b).  On appeal, Paulson argues that his sentence, which was 120 months above the guideline range, was substantively unreasonable because it was more severe than necessary to achieve the statutory goals identified in 18 U.S.C. § 3553(a)(2).  Paulson specifically argues that the district court's sentencing decision was "flawed" in three ways: (1) the court failed to find that Paulson's conduct was outside the "heartland" of typical child-enticement cases and therefore rejected the guideline sentence chiefly because of its general policy disagreement with the Sentencing Guidelines; (2) the court improperly used the statutory sentencing range, rather than the Guidelines, as its "lodestone" for sentencing; and (3) the court improperly justified its upward variance by rejecting mitigating factors raised by Paulson rather than by properly weighing the § 3553(a) factors. We see no reversible errors.

We review the substantive reasonableness of a sentence—whether inside or outside the applicable guideline range—under a deferential abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  The party who challenges the sentence bears the burden

2

of showing that the sentence is unreasonable in the light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

"The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). That an imposed sentence is well below the statutory maximum is indicative of reasonableness. *United States v. McKinley*, 732 F.3d 1291, 1299 (11th Cir. 2013).

The district court's sentence must be "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The court should also consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the guideline range, pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

We afford deference to the district court in determining whether the § 3553(a) factors justify a variance and the extent of that variance. *United States v.*

3

*Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009).  A district court's decision to impose a sentence outside the applicable guideline range is entitled the greatest respect when the court finds a particular case to be outside the "heartland" of typical cases to which the Sentencing Commission intended the Guidelines to apply. *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S. Ct. 558, 574–75, 169 L. Ed. 2d 481 (2007).  Alternatively, when the district court varies based solely on its view that the guideline range fails adequately to reflect the § 3553(a) factors even in a "mine-run case," a "closer review" may be appropriate.  *Id.*  We will vacate a sentence because of a variance "only if we are left with the definite and firm conviction that the district judge committed a clear error of judgment in weighing the § 3553(a) factors."  *United States v. Brown*, 772 F.3d 1262, 1267 (11th Cir. 2014) (quotation and alteration omitted).

Paulson has failed to meet his burden of showing that his sentence was unreasonable in the light of the record and the § 3553(a) factors.  *See Tome*, 611 F.3d at 1378.  The district court's decision to impose an above-guideline sentence was not based solely on a policy disagreement with the Sentencing Guidelines and is therefore not subject to some "closer review" under *Kimbrough.  See* 552 U.S. at 109, 128 S. Ct. at 574–75.  The district court did not use the statutory sentencing range as its "lodestone" for sentencing, nor did it improperly justify its upward variance by rejecting mitigating factors raised by Paulson.  The district court gave due consideration to the guideline range and clearly stated its reasons for imposing

4

the upward variance; they were sufficiently compelling to support the variance here. *See Brown*, 772 F.3d at 1268. The court explicitly noted the importance of weighing the statutory factors and engaged in a detailed discussion of several of those factors, including the seriousness of the offense, the need for deterrence, the need to protect the public from future harm, and Paulson's need for correctional treatment. In concluding that those factors justified an upward variance, the court considered the specific, individualized facts from Paulson's case, including Paulson's descriptions of the disturbing acts he wanted to perform, his desire to engage in those acts over "a few visits," that he was given an opportunity to change his mind, and that he appeared with sex toys and outfits he intended to use in performing the disturbing acts he described.

Thus, under the totality of the circumstances, the § 3553(a) factors support Paulson's sentence. *See Gonzalez*, 550 F.3d at 1324. Moreover, that Paulson's 20-year sentence, though well above the guideline sentence, is significantly less than the statutory maximum penalty of life imprisonment further indicates its substantive reasonableness. *See McKinley*, 732 F.3d at 1299. Accordingly, we affirm Paulson's sentence.

**AFFIRMED.**